**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

In re:                                                                                          Chapter 13

Ann Downs
                                                                              Case No. 9-09-bk-06351-ALP

Debtor(s)
_____/

ORDER ESTABLISHING (1) DUTIES OF TRUSTEE AND DEBTOR,
(2) PLAN CONFIRMATION PROCEDURES, (3) REQUIREMENTS FOR
DEBTOR'S COMPLIANCE, (4) PROCEDURES FOR ALLOWANCE OF
ADMINISTRATIVE EXPENSES, AND (5) PROCEDURES FOR
ADEQUATE PROTECTION PAYMENTS TO SECURED CREDITOR

**The debtor[1] failure to timely make payments to the Trustee or to comply with any of the other requirements of this order may result in dismissal of this case.**

THIS CASE came on for consideration on the filing by the above captioned debtor of a voluntary petition for relief under Chapter 13 of the Bankruptcy Code[2]. **JON M. WAAGE**, is the Chapter 13 Trustee in the case (the "Trustee"). Pursuant to the procedures established by this Court for the Chapter 13 cases, it is hereby

ORDERED:

1. Meeting of Creditors and Documents to be submitted to Trustee. A meeting of creditors shall be scheduled pursuant to Section 341(a) and Fed R. Bankr.P. 2003(a) after the petition date. The debtor shall appear at the scheduled creditors' meeting. **By not later than seven (7) days before the date first set for the meeting of creditors, the debtor shall provide to the Trustee copies of tax returns for the two years preceding the petition date and copies of all pay stubs, advices, or documentation of income sources ("Payment Advices") for the six month period ending on the last day of the month preceding the month of the petition date.**

2. Additional Information Required to be Filed with Court. By not later than fifteen (15) days from the petition date, the debtor shall file with the Court and serve on the Trustee the lists, statements and schedules required by Rule 1007. If applicable, the attorney for the debtor shall file a disclosure of compensation within fifteen (15) days from the petition date.

---

[1]All references to "Debtor" shall include and refer to both of the Debtors in a case filed jointly by two individuals
[2]All statutory references are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise noted

(1)

3. <u>Chapter 13 Plan</u>.  By not later than fifteen (15) days from the petition date, the debtor shall file a Chapter 13 plan that complies with Section 1322 ("Plan").  All creditors must receive payments under the Plan unless ordered otherwise.

4. <u>Confirmation Hearing</u>.  The Clerk is directed to schedule a confirmation hearing between 20 and 45 days after the date first set for the meeting of creditors.  It is the responsibility of the debtor to be current in payments to the Trustee and to ensure to the extent possible that the case is ready for confirmation (i.e., court approval of the Plan) at the time first set for confirmation.  Following the meeting of creditors, the Trustee shall file and serve a Recommendation Concerning Confirmation of the Plan.  At least ten (10) days prior to hearing the debtor shall correct any deficiencies or problems listed in the Recommendation Concerning Confirmation of the Plan.  At the confirmation hearing, the Court will consider confirmation of the Plan.  At the confirmation hearing, all pending motions and objections, including any motion to dismiss and any objections to confirmation or objections to claims, will be considered on a preliminary, non-evidentiary basis.  If there are any pending objections or motions that require an evidentiary hearing, or if there is any other cause to defer confirmation (e.g., the existence of known, but unfilled claims by the I.R.S. or secured creditors) the Court will continue the confirmation hearing to a later date, which adjournment will be announced in open court at the first scheduled confirmation hearing.

5. <u>Payments to Trustee</u>.  By not later than thirty (30) days after the petition date, the debtor shall commence making to the Trustee all payments which are proposed by the Plan, which shall include the regular contractual payments that will come due after the petition date to provide adequate protection to creditors holding allowed claims secured by real or personal property.  Accordingly, the debtor will commence making all of the payments to the Trustee, as proposed by the Plan, so that the total monthly payment required by the Plan is received by the Trustee at **PO Box 260, Memphis, TN 38101-0260** on **April 30, 2009** and on the same day of each succeeding month.  **If the Trustee does not receive any such payment when due, the Trustee may seek dismissal of this case.**  All payments must be made by cashier's check or money order.  Each payment shall include the debtor's name, legibly printed, and the case number.  Except as otherwise provided for in this order or in a subsequent order, the Trustee shall hold these funds pending entry of the order confirming the debtor's plan in accordance with the provisions of Section 1326(a)(2).  The Trustee is authorized to pay from these funds any fees and charges assessed against the estate by law as authorized by Section 1326(b).

6. <u>Adequate Protection for Secured Creditors</u>.  Pending confirmation of a Plan and as a condition of the debtor's continued possession or use of property that is subject to a security interest, the debtor shall provide the following which, taken collectively, shall constitute adequate protection to each such secured creditor:

(a) Pursuant to Section 1326(a)(1) adequate protection payments required to be made by

the debtor pursuant to Section 1326(a)(1)(C) shall be paid by the Chapter 13 Trustee from Plan payments made by the debtor to the Trustee, as provided in Paragraph 5 above.

(b) The debtor shall have timely filed the Plan and all required information, as provided in Paragraphs 1-3 above.

(c) The debtor shall make all payments due to the Trustee, as provided in Paragraph 5 above, including the post-petition contractual payments due to secured creditors.

(d) All payments to the holders of secured claims, as proposed in the Plan or any

amended Plan, are allowed as costs and expenses of preserving the estate within the meaning of Section 503(b)(1)(A).

   (e)  The portion of the Plan payments to the Trustee that are allocated to post-petition contractual payments to secured creditors, as described in subparagraphs (c) and (d) above, shall be accumulated and held in trust by the Trustee for the benefit of the respective secured creditors (the "Trust Funds"). The Trustee shall disburse the accumulated Trust Funds to the respective secured creditors and by not later than the occurrence of the first of the following events:

      (1)  Confirmation of a Plan;

      (2)  Dismissal of the case; or

      (3)  Notwithstanding the provisions of Section 726(b), conversion of

this case to a case under another chapter of the Bankruptcy Code.

**The plan's allocation of the debtor's attorney's fee for Trust Funds purposes may not exceed $500 per month.**

**If a plan payment is insufficient to pay 100 percent of the plans monthly allocation of the Trust Funds to the secured creditors, administrative expense creditors, after the Trustee's deduction of his normal percentage, then the payment shall be prorated among all secured creditors having an entitlement to Trust Funds, after the Trustee deducts his normal percentage. If there are sufficient funds available to pay one hundred percent (100%) of the monthly allocation of trust funds to the secured creditors and the Trustee's normal percentage, the remaining available funds, if any, shall be prorated among the remaining allowed administrative creditors.**

   (f)  Notwithstanding the provisions of subparagraph (e) above, the Trustee shall make disbursements of the applicable Trust Funds monthly, prior to confirmation of the Plan or dismissal or conversion of this case, to certain secured creditors (i.e., the adequate protection payments), as soon as practicable after receipt from the debtor of the second timely Plan payment, provided that: (1) the Plan or any amended Plan provides for such post-petition contractual payment to the secured creditor; (2) the secured creditor has filed a proof of claim and has served the Trustee, the debtor and the debtor's attorney, if applicable, with a copy of the proof of claim; and (3) no objection to the proof of claim is pending or the debtor otherwise consents to the disbursement. The adequate protection payments may be made by the Trustee as soon as practical to secured creditors after a valid proof of claim is on file, regardless of whether the confirmation hearing has been held.

   (g)  The Trustee is authorized to deduct from any monies collected pursuant to Section 1326 his normal percentage on the funds distributed (either pre-confirmation or post-confirmation) as necessary costs and expenses together with any fee, charge or amount required under Section 1326 and 28 U.S.C. Chapter 123.

   (h)  All Trust Funds held by the Trustee shall be disbursed in accordance with the provisions of Section 1326 unless otherwise provided herein or in a subsequent court order.

(3)

(i)     In accordance with Paragraph 5, the debtor is directed to make all pre-confirmation adequate protection payments directly to the Trustee (not to the respective creditor) for distribution in accordance with this order.

(j)     All disbursements of Trust Funds to a secured creditor, as provided above, shall be deemed to be adequate protection payments. Acceptance of such payments will not be deemed a waiver of any creditor's rights to contest confirmation or the debtor's valuation of collateral, request relief from the automatic stay, or request additional adequate protection.

(k)     If a creditor, holding a secured claim desires to receive adequate protection or Plan payments at an address different from that included on the secured creditor's proof of claim, the secured creditor must file a notice of change of address with the Court, and provide a copy to the Trustee and the debtor. Further, if the post-petition contractual monthly payment increases or decreases during the pendency of this case, the secured creditor shall promptly provide written notice to the Trustee and provide a copy of the notice to the debtor. The debtor shall thereafter file an amended Plan, or, if the Plan has been confirmed, a motion to modify the Plan accordingly.

(l)     All post-petition late fees and charges (but not interest) accruing under the debtor's contract with the secured creditor will be discharged upon entry of a discharge. Accordingly, during the pendency of this case, such late fees and <u>charges may accrue but will not be allowed as part of the secured creditor's claim unless the Plan is not confirmed or the case is converted after confirmation and applicable bankruptcy law permits allowance of such late fees and charges.</u>

(m)     Within fifteen (15) days of a written request by a secured creditor, the debtor must provide proof of insurance as required by the loan documents.

(n)     Within twenty-four (24) hours of any telephonic request by a secured creditor, the debtor must allow inspection of the collateral as required by the loan documents.

7. <u>Deadline to File Certain Motions and Objections to Claims.</u> By not more than thirty (30) days after the claims bar date, or within fourteen (14) days after the filing of a late-filed claim or an amended claim, the debtor or the attorney for the debtor shall, if necessary under the circumstances of the case, do one or more of the following:

(a) File an amended Plan, if the Plan has not been confirmed;
(b) File a motion to determine the secured status of claim;
(c) File a motion to avoid a lien that may be required to be avoided to obtain confirmation;
(d) File a motion to modify a confirmed Plan; or
(e) Object to the claims that should be disallowed.

With respect to subparagraphs (a) and (d) above, the debtor or attorney for the debtor shall serve a copy of the amended Plan or motion to modify a confirmed Plan, upon the Trustee and all other

(4)

parties in interest and promptly file a certificate of such service. With respect to subparagraphs (b), (c), and (e) above, the debtor or attorney for the debtor shall serve a copy of the motion or objection on the affected creditor and the Trustee, in the manner required by Rule 7004, and promptly file a certificate of such service.

8. <u>Attorney's Fees.</u>  Consistent with Rule 2016(b), the debtor's counsel must file supplemental disclosures for all payments received from the debtor after this case is filed.  Failure to file the required disclosures may result in the disgorgement of fees paid.  A pre-petition retainer paid to counsel for the debtor, whether received from the debtor or other person for the benefit of the debtor, must be disclosed in writing to the Court and to the Trustee, pursuant to Rule 2016(b).  No post-petition fees or expenses may be taken or requested directly from the debtor (whether from the debtor or other person for the benefit of the debtor) unless said fees are paid through the Plan, except for post-confirmation payments deposited into an attorney's trust account and held in that trust account pending order of the Court, after written notice to the Trustee and other parties in interest.  The debtor's counsel must assist the debtor in all matters related to this case unless the Court allows withdrawal of counsel from the case.  The debtor's counsel cannot withhold legal advice or assistance of any kind from the debtor for lack of payment.

9. <u>Filing of Tax Returns with Agency.</u>  By not later than the day before the initial meeting of creditors is scheduled, the debtor shall file with the appropriate agency any delinquent tax returns for any tax period concluding within the two years before commencement of this case.  The debtor shall simultaneously provide a copy of the returns to the Trustee.  During the pendency of this case, the debtor shall file all tax returns when due and make all tax payments and deposits when due.  The debtor shall maintain copies of all tax returns and proofs of payment and provide copies, upon request, to any appropriate taxing authority, the Trustee, or any creditor as required under Section 521(e)(2)(c).

10. <u>Filing Claims on Behalf of Creditors</u>.  Within the time permitted by Rule 3004, the debtor shall file any claim proposed to be paid through the plan that has not been filed by the creditor.

11. <u>Extension of Time to File Objection to Debtor's Claims of Exemption.</u>  To assure proper administration of this case in the event of conversion to another chapter, and pursuant to Section 105, the court hereby extends the time for a trustee or any party in interest to file objections to the list of property claimed as exempt by not later than (a) thirty (30) days after the conclusion of the meeting of creditors after conversion of this case to a case under another chapter or (b) thirty (30) days after the filing of any amendment to the list or supplemental schedules, whichever is later, unless within such period, further time is granted by the Court; provided, however, that this extension of time does not apply to or limit the right of any party in interest to object to entry of a discharge pursuant to Section 1328(h) on the ground that Section 522(q)(1) may be applicable to the debtor.  To the extent necessary, the extension of time to object to the debtor's claim of exemptions includes and extends beyond the confirmation hearing in this case, so that the Trustee or any party in interest may contest the debtor's claimed exemptions in objecting to confirmation of the Plan.

12. <u>Cooperation with Trustee</u>.  The debtor and debtor's counsel shall cooperate with the Trustee, both before and after Plan confirmation, as necessary to enable the Trustee to perform the Trustee's duties under the Bankruptcy Code.  Upon the Trustee's oral or written request, the debtor shall provide recorded information, including books, documents, records, and papers, relating to property of the estate. For example, without limitation, the debtor shall provide the Trustee with requested appraisals.  If the Trustee requests that a current appraisal of real or personal property be made, then the debtor, at debtor's expense, shall have the appraisal made and deliver a copy of the appraisal to the Trustee within thirty (30) days of the request.  The current appraisal shall be done by a qualified appraiser, acceptable to the Trustee, and in a form and manner acceptable to the Trustee.

13. <u>Notice of Domestic Support Obligations.</u>  At the meeting of creditors the debtor shall inform the Trustee of any domestic support obligation, as defined in Section 101(14A).  If there is a domestic support obligation then the debtor shall provide at the 341 meeting (if not sooner):  the name of the holder of claim, the address of the holder of the claim, the state court case number (if applicable), and the telephone number of the holder of claim.  During the pendency of this case, the debtor shall provide the same information to the Trustee respecting any domestic support obligation arising after the meeting of creditors.

      14. <u>Default.</u>  The debtor's failure to make payments to the Trustee when due or to timely comply with any of the requirements of this order may result in dismissal of this case or conversion to a case under Chapter 7 of the Bankruptcy Code upon motion by the Trustee or a party in interest.

DONE AND ORDERED at Tampa, Florida on April 22, 2009.

                                        **ALEXANDER L. PASKAY**
                                        **United States Bankruptcy Judge**

Copies to:
Ann Downs, , 2730 Cypress Trace Circle,  #2833 , Naples, FL 34119
Robert S. Lovett, Esq., Phoenix Law, PA, 12800 University Drive, Suite 260 Fort Myers, FL 33907-
Jon M. Waage, Trustee, Post Office Box 25001, Bradenton, FL 34206
All Creditors as Listed on Matrix
JMW/lp

APPENDIX
State Taxes

**Unemployment Taxes.  Mail reports and payments to:**
Department of Labor and Security
Hartman Building, Suite 307
2012 Capital Circle, Southeast
Tallahassee, FL  32399-0658

**Sales Taxes.  Mail reports and payments to:**

State of Florida
Department of Revenue
Office of General Counsel/Bankruptcy Section
P. O. Box 6668
Tallahassee, FL  32314-6668

**Federal Taxes**

Federal tax deposits of social security taxes (employer and employee shares) and withholding taxes are to be made within three banking days after each payroll is made.  Deposits are to be made in a Federal Reserve Bank or a commercial bank authorized to accept federal tax deposits.  Deposits are to be made by cashiers or certified check and be accompanied by Form 8109, Federal Tax Deposit Withheld Income and FICA Taxes.  If Form 8109 is not available, deposits are to be mailed within the time prescribed or deposits to the address indicated below.  If you pay amounts with Form 941 that should have been deposited, you may be subject to penalty.  See Deposit Penalties in Section 11 of Pub. 15 (Circular E).

Mail original returns (pre-petition), (prior to confirmation) to the appropriate district office according to the county listed in the bankruptcy petition as the Debtor's residence or place of operating business.

If any taxes are due on the pre-petition returns, they should be included in the Plan (paid through the Trustee) and the IRS should be noticed at the Philadelphia address regarding the bankruptcy.

| Jacksonville District | | Ft. Lauderdale District |
|---|---|---|
| Internal Revenue Service | | Internal Revenue Service |
| Attn: Special Procedures | or | Attn: SPF - Bankruptcy |
|     Stop 5720 | |     Stop 5730 |
| 400 W. Bay Street, Ste. 35045 | | P. 0. Box 17167 |
| Jacksonville, FL 32202 | | Ft. Lauderdale, FL 33318 |

Mailing of original returns, (post-petition), (after confirmation) and/or payments for those specific returns should be sent to the regularly scheduled address as listed by the IRS on your filing information.